LEE, P.J., for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Deloris Jean Watson was indicted by a grand jury in Hinds County for Count I, attempted aggravated assault on a police officer, and Count II, feloniously eluding a police officer. Watson was tried by a jury in the Hinds County Circuit Court. The jury was unable to reach a verdict on Count I, and the trial court declared a mistrial. Watson was found guilty of Count II and sentenced to serve five years in the custody of the Mississippi Department of Corrections with one year suspended and two years of supervised probation. Watson filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, which was denied by the trial court.
 

 ¶2. Watson now appeals, asserting the following issue: the trial court erred in permitting Sergeant Todd Peterson to offer hearsay testimony from an unidentified Wal-Mart employee that Watson was shoplifting in the store, as it provided a necessary element of the crime, thus violating her Fifth, Sixth, and Fourteenth Amendment rights. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Watson’s friend offered her $10 for a ride to the Clinton Wal-Mart to purchase hair-care products. Watson and the friend arrived at the Wal-Mart at approximately 3:45 a.m. Peterson, a sergeant with the Clinton Police Department, testified that around that time he was performing a courtesy walk through of the store. Ricky Townsend, an officer with the Clinton Police Department, was with Peterson. Townsend also testified at the trial. A Wal-Mart manager told Peterson that Watson and a companion were possibly shoplifting. Peterson testified that Watson was wearing bulky clothes in which she could have easily concealed something. Peterson ordered Watson to stop as she left the store. Watson and her companion continued walking, and Peterson followed them into the parking lot. Peterson was dressed in his police uniform and identified himself as a police officer. Watson did not stop. She got in her car and backed out of the parking space at a high rate of speed and then proceeded to drive out of the parking lot. Peterson testified that he had to jump out of the way in order to avoid being hit by the car. Peterson attempted to follow Watson’s car in his patrol car, but he lost sight of her. He recorded her tag number and arrested her the following day. The friend was not arrested or identified.
 

 ¶ 4. According to Watson, she and her friend separated after entering the store. Watson saw her friend going through the checkout line at the front of the store, but she did not see her again until she went outside to her car where the friend was waiting. When Watson got in the car, the friend told Watson they had to leave because she had shoplifted a hair permanent. Watson testified that she had no idea that her friend intended to steal from the store, and she did not try to run over the police officers. She did, however, admit that she was driving fast due to her panicked state. Watson testified that she panicked because a Clinton police officer had already warned her about driving in Clinton with a suspended license. She saw Peterson come out of the store and heard him say “hold it,” but she quickly drove out of the parking lot and went to her friend’s home.
 

 STANDARD OF REVIEW
 

 ¶5. “The admissibility of evidence is within the discretion of the trial
 
 *903
 
 court, and absent abuse of that discretion, the trial court’s decision regarding the admissibility of evidence will not be disturbed on appeal.”
 
 Moss v. State,
 
 977 So.2d 1201, 1209(¶ 13) (Miss.Ct.App.2007). “When the trial court stays within the parameters of the Rules of Evidence, the decision to exclude or admit evidence will be afforded a high degree of deference.”
 
 Id.
 
 (citing
 
 McCoy v. State,
 
 820 So.2d 25, 81(¶ 15) (Miss.Ct.App.2002)). If an error is made in the admission of evidence, “[s]uch error will warrant reversal only when the abuse of discretion has resulted in prejudice to the accused.”
 
 Moss,
 
 977 So.2d at 1207(¶ 4) (quoting
 
 Harris v. State,
 
 861 So.2d 1003, 1018(¶41) (Miss.2003)).
 

 DISCUSSION
 

 ¶ 6. Watson argues on appeal that the trial court allowed improper hearsay evidence from Peterson regarding information given to him by a Wal-Mart employee. The employee’s name was not given in the record, and she was not called to testify.
 

 ¶7. At trial, Peterson testified that a Wal-Mart employee told him that she believed two women in the store were shoplifting, one of whom was Watson. The following exchange took place between the prosecuting attorney and Peterson:
 

 Q: Okay. Now, tell the jury when you arrived at the Wal-Mart what happened. A: When I arrived at the Wal-Mart, myself and another officer entered the Wal-Mart. I was approached by the front[-]end manager who stated that she had observed—
 

 BY [WATSON’S ATTORNEY]: — object to hearsay, Your Honor.
 

 BY THE COURT: I’m going to allow the witness to answer for a limited purpose. Whatever this other person informed the officer you’re not to consider that as far as establishing the truth of the matter asserted but only to explain the reasons why the officer may have taken the actions that he took in response to that. In other words, it’s not germane as to whether or not the response was true or untrue, only why it explains what the officer did. All right. Go ahead.
 

 [[Image here]]
 

 Q: What did the front[-]end manager tell you?
 

 A: She stated that she had observed two individuals in the store who she believed to have been shoplifting at the time.
 

 Q: Okay. Was she able to point two individuals out?
 

 A: Yes, sir, she did.
 

 ¶ 8. Mississippi Rule of Evidence 801(c) defines hearsay as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). “Hearsay is not admissible except as provided by law.” M.R.E. 802. We find that Peterson’s testimony referencing the manager’s comments was not hearsay and was properly admitted. Watson was not charged with shoplifting. Therefore, the testimony complained of was not used to prove the truth of whether or not Watson shoplifted. Watson was charged with feloniously fleeing or eluding a law enforcement officer in a motor vehicle pursuant to Mississippi Code Annotated section 97-9-72(2) (Rev. 2006). The purpose of the testimony was to show why Peterson followed Watson into the parking lot where she fled from him.
 

 ¶ 9. Watson argues that Peterson’s testimony was offered to prove the truth of the matter asserted because the crime she was charged with stemmed from the officer attempting to stop her based on the accu
 
 *904
 
 sations of a person she was not able to cross-examine. She argues that the statements of the Wal-Mart manager went to prove that Watson was shoplifting since the State was required to show beyond a reasonable doubt that the officer had “a reasonable suspicion to believe the driver in question has committed a crime.” Miss. Code Ann. § 97-9-72. Watson argues that without the manager’s statements, the officer would not have had a reasonable suspicion that a crime was committed. Again, Peterson’s testimony regarding the manager’s statement was not given for the purpose of proving that Watson committed a crime. Even if Peterson’s statement did qualify as hearsay, it would still be “admissible to the extent required to show why [he] acted as he did and [why] he was at a particular place at a particular time.”
 
 Singleton v. State,
 
 948 So.2d 465, 470(¶ 9) (Miss.Ct.App.2007) (citing
 
 Jackson v. State,
 
 935 So.2d 1108, 1114(¶9) (Miss.Ct.App.2006)). Therefore, we find that the trial court did not abuse its discretion in overruling Watson’s objection to Peterson’s testimony.
 

 ¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF ELUDING A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ONE YEAR SUSPENDED AND TWO YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.